**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| LENZIE GILL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:08cv779-WHA |
| | ) | |
| GMAC INSURANCE COMPANY | ) | |
| | ) | (WO) |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This case is before the court on a Motion for Summary Judgment filed by the Defendant, National General Assurance Company ("NGAC"),[1] on September 19, 2008.

The Plaintiff, Lenzie Gill, originally filed his Complaint in the Circuit Court of Montgomery County, Alabama, bringing a state law claim for fraud against the Defendant, claiming damages in excess of $100,000. The case was removed to federal court on the basis of diversity jurisdiction. No motion to remand was filed. It appears to the court that complete diversity of the parties exists and the requisite amount is in controversy.

For the reasons to be discussed, the Motion for Summary Judgment is due to be granted.

### II. SUMMARY JUDGMENT STANDARD

---

[1] The Plaintiff improperly named the GMAC Insurance Company as the Defendant in the Complaint. According to the Defendant, GMAC is a brand name used by NGAC, and is not a legal entity. The Defendant, NGAC, does not dispute that it is the proper party in this case.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324.  To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor.  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court

must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### III.  FACTS

The submissions of the parties establish the following facts, viewed in a light most favorable to the non-movant:

On November 7, 2007, the Plaintiff's vehicle, a 1993 Buick,  was involved in an collision with another driver.  At the time of the accident, the 1993 Buick was covered under a policy of automobile insurance provided by the Defendant.  In accordance with the terms of the insurance policy, the Defendant paid the Plaintiff $2000, covering the total loss of the Buick.  The State of Alabama then issued a salvaged title to the vehicle to the Defendant.

Gill claims that on November 20, 2007, he spoke with a representative of the Defendant and was advised that he could purchase the salvaged title to the 1993 Buick from the Defendant for approximately $200.  Gill claims that the Defendant's representative further advised him that he could drive the salvaged 1993 Buick on the roadways of Alabama so long as he obtained insurance for the automobile.  Based on this conversation, on January 3, 2008, Gill purchased the salvaged 1993 Buick from the Defendant.  Gill also purchased liability insurance for the 1993 Buick from the Defendant.

On April 15, 2008 Gill was informed by personnel in the Probate Court for Montgomery County, Alabama that he could not obtain a renewal tag or operate the vehicle on Alabama roadways due to the fact that it has a salvaged title.  Gill ceased operating the 1993 Buick.

On June 2, 2008, Gill, represented by counsel (not the same attorney who filed this suit), entered into an Uninsured/Underinsured Motorist Release and Trust Agreement with the

Defendant ("Release Agreement").  Under the Release Agreement, Gill received $13,500.00 in

exchange for the following release:

> It is understood and agreed this is a full and final settlement of any claim for the
> injuries and damages, both known and unknown, I/we may have under the
> uninsured and/or underinsured automobile coverage of policy number
> 1002679873A01, issued in the name of Gill, Lenzie, by National General
> Assurance Company, a GMAC Insurance Company, as well as claims for bad
> faith and for compensatory damages, claims for punitive damages or exemplary
> damages, interest, attorneys' fee liens, workers' compensation liens, losses, costs,
> claims for bad faith, claims for breach of contract, claims for fraud or
> misrepresentation, damages or demands, both compensatory and punitive, in
> whatever name or nature, in tort, in contract, under statute, claims for loss of
> consortium and/or support either by statute or common law, claims and demands
> whatsoever, in law, or in equity, which were alleged in this action, or which could
> have been alleged as a result of this incident.

On August 22, 2008, Gill filed his complaint against the Defendant in the Circuit Court of

Montgomery County alleging one count of fraud.  The Defendant removed the action to this

court and filed its Motion for Summary Judgment on September 19, 2008.

## IV. <u>DISCUSSION</u>

The Defendant's Motion for Summary Judgment makes two major arguments in support

of the motion: (1)Gill's fraud claim fails because it is based on an alleged misstatement of law,

and (2) Gill's fraud claim is barred by a release agreement which he signed.

To recover on a claim of fraud, the Plaintiff must show that: (1) the representation was

false; (2) the misrepresentation concerned a material fact; (3) the Plaintiff justifiably relied upon

the misrepresentation; and (4) the Plaintiff suffered damages proximately resulting from his

reliance.  *Patel v. Hanna,* 525 So. 2d 1359, 1360 (Ala. 1988).

First, the Defendant argues that the alleged statement underlying Gill's fraud claim, that

the salvaged 1993 Buick could be driven on the roadways in Alabama, is a misstatement of law,

not one of fact, and, therefore, cannot constitute fraud. There is no dispute that the statement allegedly made to Gill was not an accurate statement of the law in the state of Alabama. Alabama Code § 32-8-87(a) provides in part: "No motor vehicle for which a salvage or junk certificate has been issued by this state or any other state shall be driven or operated on the highways or other public places of this state."

Alabama courts have repeatedly held that "misrepresentation or concealment as to [a] matter of law cannot constitute remedial fraud, because everyone is presumed to know the law, and therefore cannot in legal contemplation be deceived by erroneous statements of law." *See e.g., Empiregas, Inc. of Ardmore v. Hardy,* 487 So. 2d 244, 248 (Ala. 1985) (quoting *Clayton v. Glasscock*, 127 So. 538 (Ala. 1930)). "[S]uch representations are ordinarily regarded as mere expressions of opinion on which the hearer has no right to rely." *Id.* The Alabama Supreme Court recently reiterated that the law is presumed to be known by all. *Johnson v. Sorenson*, 914 So. 2d 830, 839 (Ala. 2005).

The general rule is not without qualification. *Bank of Loretto v. Bobo,* 67 So. 2d 77, 85-86 (Ala. App. 1953), *cert. denied,* 67 So. 2d 90 (Ala. 1953). Alabama courts have held misrepresentations of law actionable where the mistake of law "amounted to an implied assertion that facts existed which justified the conclusions of law expressed." *Id.* at 85. Alabama courts have also found an exception where the parties are in a relationship of trust and confidence, or some other peculiar fact or circumstance exists. *Id.* Situations falling under this exception have been limited to where the speaker is an attorney or where denying relief would be against public policy. *Id.; see also Spry Funeral Homes, Inc. v. Deaton*, 363 So. 2d 786, 789 (Ala. Civ. App. 1978) (applying the public policy exception where the court found the public was harmed as a

third party to the fraudulently obtained contract in restraint of trade).

In this case the court finds the general rule to apply, and the recognized exceptions to be inapplicable. Here, the "alleged mistake of law did not in any way imply a set of facts" and was "a pure mistake [of law]." *See Epps Aircraft, Inc. v. Exxon Corp.,* 859 F. Supp. 533, 538 (M.D. Ala. 1993) (finding misstatement as to tax liability was a pure mistake of law). Both parties had a mutual understanding of the facts surrounding the transaction and the only representation allegedly made by the Defendant's representative concerned the legality of operating the salvaged 1993 Buick on Alabama roadways. There is no evidence that the speaker was an attorney, or in a confidential relationship with Gill. The Plaintiff has not suggested that a ruling in the Defendant's favor will implicate any public policy concerns, and the court finds there to be no public policy concerns at issue in this case. Therefore, the Plaintiff's fraud claim is improperly predicated on an alleged misstatement of the law of the State of Alabama.

The Defendant's second argument also has merit. The Defendant contends that the Release Agreement bars Gill's fraud claim. The Release Agreement says that it is a "final settlement of any claim for the injuries and damages . . . under the. . . automobile coverage of policy number 1002679873A01 . . . as well as . . . claims for fraud. . . which could have been alleged as a result of this incident." Gill admits that he both knew of the fraud claim and was represented by counsel when the Release Agreement was executed.

"In the absence of fraud, a release supported by valuable consideration will be given effect according to the intentions of the parties to be judged from what appears within the four corners of the instrument itself . . . ." *Hampton v. Liberty Nat. Life Ins. Co.*, 706 So. 2d 1196, 1198 (Ala. Civ. App. 1996) (quoting *Conley v. Harry J. Whelchel Co.*, 410 So.2d 14, 15

6

(Ala.1982)).  "Additionally, [the court] note[s] that when a release is otherwise unambiguous, its construction and legal effect, being questions of law, may be decided under proper circumstances by a summary judgment." Id. at 1199 (citing *Boggan v. Waste Away Group, Inc.*, 585 So.2d 1357 (Ala.1991)).

Both parties agree that the alleged fraud would not have taken place but for the November 7, 2007 automobile collision.  Gill, however, argues that the court should interpret the Release Agreement to preclude only those claims with a strictly direct causal relationship with the collision.  The court finds that interpretation to be unsupported by the language of the Release Agreement.  Here, the alleged statements were made in the course of the Plaintiff and the Defendant's dealings regarding Gill's insurance policy through the Defendant, and as a result of the collision.  Those statements are inextricably linked to the Plaintiff's policy and the collision that caused, and were the primary subject of, the later dealings between the Plaintiff and the Defendant.  Thus, the court finds that the Release Agreement precludes the Plaintiff from bringing an action for fraud based on the statements allegedly made by the Defendant during the course of those dealings.  The Defendant's Motion for Summary Judgment is due to be granted.

## V. CONCLUSION

For the reasons discussed, the Motion for Summary Judgment (Doc. # 4) is due to be and is hereby ORDERED GRANTED.  A Final Judgment will be entered separately.

Done this 14th day of January, 2009.

/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE